**ALASKA TRANSPORTATION COMMISSION, Appellant,**

v.

**Ramon F. GANDIA, d/b/a Nome Flying Service and Neil Foster, d/b/a Foster Aviation, Appellees.**

No. 3469.

Supreme Court of Alaska.

Nov. 9, 1979.

Douglas A. Hebbel, G. Charles Schmidt, Asst. Attys. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellant.

H. Russel Holland, Holland & Thornton, Anchorage, for amicus curiae, ERA Helicopters, Inc.

No appearance for appellees.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

BURKE, Justice.

This is an appeal by the Alaska Transportation Commission (ATC) from an order of the superior court requiring a rehearing of certain of its proceedings, for alleged violations of the Administrative Procedure Act (AS 44.62.010–650) and due process requirements of the Alaska and United States Constitutions. We hold that the Commission's use of a hearing officer, without the presence of the individual commissioners, violates neither the applicable state statutes nor constitutional due process.

Lloyd Franklin Hardy, d/b/a Seward Peninsula Flying Service,[1] filed with the ATC

---

1. Seward Peninsula Flying Service was former- ly Arctic Aircraft Service. Thus, Hardy's appli- cation with the ATC has the business name of his organization as Arctic Aircraft Service, and

an application for original air taxi authority with a base of operations at Nome. Ramon Gandia, Neil Foster, and several others representing various airline companies protested the application. A hearing was held in Nome before ATC hearing officer William Bedsworth. None of the individual commissioners were present at the hearing.

On December 15, 1975, the Commission, in a 3–0 decision, granted Hardy's application. The Commission's deliberative process included a review of all documentary evidence, consideration of draft findings of fact and conclusions of law prepared by the hearing officer, and consideration of oral comments made by the hearing officer, who did not prepare a proposed final order because he was unable to make up his mind. No transcript of the hearing before the hearing officer had been prepared, nor did the commissioners listen to the hearing tapes. The hearing officer's draft findings of fact and conclusions of law were not submitted to the parties.

Subsequent to the order granting the application, Gandia and Foster filed motions for reconsideration with the Commission. The motions were denied, and Gandia and Foster appealed to the superior court. Superior Court Judge Victor D. Carlson remanded the matter for a new hearing, requiring that the ATC comply with the following procedures:

1. The hearing officer may not sit without a quorum of the Commissioners who must hear, consider and decide the case;

2. Only Commissioners who have heard both the factual presentation and the oral arguments or considered the written briefs may consider and decide the case;

3. The hearing officer, if one is utilized who is not a Commissioner, is to rule on admissibility of evidence, administer oaths, and control the presentation of the case at the hearing; and

4. The hearing officer may be requested to prepare a proposed decision to assist the Commissioners who have heard and are deciding the case but such decision must be circulated to the parties for their comments and arguments with a reasonable opportunity being given for responses to the arguments of adverse parties.

The Commission filed a motion for a rehearing, together with a request for a clarification of the decision. The superior court denied the motion. Both the ATC and applicant Hardy filed appeals with this court. Hardy thereafter settled his dispute with Gandia and Foster and withdrew his application and the case was subsequently dismissed.

■ This case falls under the public interest exception to the mootness doctrine enunciated in *Doe v. State*, 487 P.2d 47 (Alaska 1971):

Ordinarily we will refrain from deciding questions where the facts have rendered the legal issues moot. But where the matter is one of grave public concern and is recurrent but is capable of evading review, we have undertaken review even though the question may be technically moot.

*Id.* at 53 (footnote omitted). Though the stipulation for dismissal has rendered the issues technically moot, we believe that the superior court's order will have an effect upon future ATC proceedings with consequences for the Commission and the Alaska transportation industry as a whole; hence, we have elected to decide these issues.

■ The superior court found that the procedures used by the ATC at its hearing violated AS 44.62.340, 44.62.500, and 42.07.161, as well as procedural due process requirements of the state and federal constitutions. AS 44.62.340 forbids the delegation of the hearing power absent express

the order granting the application refers to Arctic Aircraft Service; but the notice of appeal and the stipulation of withdrawal is by Hardy d/b/a Seward Peninsula Flying Service. Hardy filed a motion June 23, 1979, requesting that he be prosecuted in the name of Seward Peninsula Flying Service.

statutory authorization,[2] while AS 44.62.500 requires the hearing officer to prepare a proposed decision and forbids members of the applicable government agency from voting on the decision if they have not heard the evidence.[3] However, the ATC is specifically exempted from the requirements of both AS 44.62.340 and 44.62.500, by AS 42.07.151(a) which provides:

The administrative adjudication procedures of the Administrative Procedure Act (AS 44.62) do not apply to adjudicatory proceedings of the commission except that final administrative determinations by the commission are subject to judicial review as provided in AS 44.62.560–44.-62.570.

Commission proceedings are governed instead, by AS 42.07.141, which provides in pertinent part:

(a) The commission may adopt regulations, not inconsistent with the law, necessary or proper in the exercise of its powers or for the performance of its duties under this chapter.

(b) The commission shall adopt regulations, consistent with due process of law, which govern practice and procedure and the conduct of all investigations, hearings and proceedings which it holds.

We discussed both the exemption from the Administrative Procedure Act and the requirements of AS 42.07.141 in *Mukluk Freight Lines, Inc. v. Nabors Alaska Drilling, Inc.*, 516 P.2d 408 (Alaska 1973), where we stated:

It is undoubtedly significant that AS 42.07.151(a) exempted the Commission's adjudications from nearly all of the standard procedural safeguards of the Alaska Administrative Procedure Act. However, this exemption should not be interpreted as giving the Commission an unlimited discretion to avoid all procedural safeguards, since AS 42.07.141(b) requires the promulgation of procedural regulations consistent with due process. Rather, *AS 42.07.151 and 42.07.141 should be read in conjunction as giving the Commission considerable flexibility in choosing its own procedure, but all the while requiring the procedures to meet due process of law.*

*Id.* at 415 (footnote omitted; emphasis added).

2. AS 44.62.340 provides:
   *Delegation of power by agencies.* (a) An agency listed in § 330 of this chapter may delegate the power to act, to hear and to decide, unless expressly prohibited by law.
   (b) In a law enacted after April 29, 1959, where the word "agency" alone is used, the power to act may be delegated by the agency, and where the words "agency itself" are used, the power to act may not be delegated unless a statute relating to that agency authorizes the delegation of its power to hear and decide.

3. AS 44.62.500 provides:
   *Decision in a contested case.* (a) If a contested case is heard before an agency (1) the hearing officer who presided at the hearing shall be present during the consideration of the case and, if requested, shall assist and advise the agency; and (2) a member of the agency who has not heard the evidence may not vote on the decision.
   (b) If a contested case is heard by a hearing officer alone, he shall prepare a proposed decision in a form which may be adopted as the decision in the case. A copy of the proposed decision shall be filed by the agency as a public record with the lieutenant governor and a copy of the proposed decision shall be served by the agency on each party in the case and his attorney. The agency itself may adopt the proposed decision in its entirety, or may reduce the proposed penalty and adopt the balance of the proposed decision.
   (c) If the proposed decision is not adopted as provided in (b) of this section the agency may decide the case upon the record, including the transcript, with or without taking additional evidence, or may refer the case to the same or another hearing officer to take additional evidence. If the case is so assigned to a hearing officer he shall prepare a proposed decision as provided in (b) of this section upon the additional evidence and the transcript and other papers which are part of the record of the earlier hearing. A copy of the proposed decision shall be furnished to each party and his attorney as prescribed by (b) of this section. The agency may not decide a case provided for in this subsection without giving the parties the opportunity to present either oral or written argument before the agency. If additional oral evidence is introduced before the agency, no agency member may vote unless he has heard the additional oral evidence.

The superior court's belief that AS 42.07.-161[4] requires the presence of at least one commissioner at hearings does not take into account the provisions of AS 42.07.101, which provides:

(a) The commission may employ engineers, hearing officers, experts, clerks, accountants, and other agents and assistants it considers necessary. Employees and agents of the commission, other than legal counsel, are in the classified service under AS 39.25.

(b) In addition to its staff of regular employees the commission may contract for and engage the services of the consultants, experts and hearing officers the commission considers necessary for the purpose of developing information or conducting studies, investigations, hearings or other proceedings.

Prior to amendment in 1970, AS 47.07.101 did not provide for hearing officers as regular or special employees. *See* Ch. 104, § 2, SLA 1969. The Judiciary Committee report accompanying the 1970 amendment which added hearing officers to the list of regular employees noted:

This bill strengthens the Alaska Transportation Commission by . . . allowing for the appointment of hearing officers in appropriate cases, which is necessary to cope with the overwhelming increase in caseload and complexity of cases, increases making it physically impossible under present law for the commissioners to keep up with current applications let alone reduce the backlog . ..

3 House Journal 1245 (1970). The clear import of this language is that the legislature intended the use of hearing officers without commissioners. Since AS 44.62.340, which requires express delegation of the

hearing function, does not apply to the ATC, we believe that this interpretation of the legislature's intentions is the correct one. Hearing officers could scarcely reduce the workload of the Commission if the commissioners' presence were required at every hearing.

The due process requirements of an administrative hearing were established long ago in the *Morgan* cases: *Morgan v. United States*, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936) (*Morgan I*); and *Morgan v. United States*, 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129, *rehearing denied*, 304 U.S. 23, 58 S.Ct. 999, 82 L.Ed. 1135 (1937) (*Morgan II*). Justice Hughes's doctrine, "The one who decides must hear," is often erroneously interpreted to mean that the ultimate decision maker must be present, but the Court rejected this construction:

This necessary rule does not preclude practicable administrative procedure in obtaining the aid of assistants in the department. Assistants may prosecute inquiries. Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates. Argument may be oral or written. The requirements are not technical. But there must be a hearing in a substantial sense. And to give the substance of a hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them.

*Morgan I*, 298 U.S. at 481–82, 56 S.Ct. at 912, 80 L.Ed. at 1295. The procedural defect in the *Morgan* cases was not the utilization of a hearing officer and non-attendance of the decision maker, but rather that in an adversary proceeding the Bureau of

4. AS 42.07.161 provides:

*Investigations and hearings.* An investigation or hearing which the commission has power to undertake or to hold may be undertaken or held by or before any one or more commissioners designated for the purpose by the commission. The testimony and evidence in an investigation or hearing may be taken by the commissioner to whom the investigation or hearing has been assigned. All

investigations or hearings before or by commissioners are considered to be the investigations and hearings of the commission. A *determination or order of commissioners* upon such an investigation or hearing, so undertaken, is not effective until approved and confirmed by the commission. Upon confirmation, the determination or order is the determination or order of the commission.

Animal Industry presented to the decision maker private studies and statistics which affected the substance of the final order, without being required to furnish this information to the opposing party. Since the opposing party had been unable to see and, therefore, had no opportunity to rebut this evidence, the Court concluded that it had not been afforded a fair hearing. *Morgan II*, 304 U.S. at 18–19, 58 S.Ct. at 776–777, 82 L.Ed. at 1132–33.

■ The hearing afforded in this case was a full and fair one. None of the parties has alleged that evidence was presented *ex parte* to the Commission or otherwise concealed from it. All evidence bearing on the Commission's ultimate decision was presented at the hearing, and the parties had an opportunity to rebut it. Under these circumstances, it cannot be said that the hearing violated due process.

■ We turn now to that portion of the superior court's order concerning the preparation and presentation of a proposed decision to the parties. Pursuant to its authority under AS 42.07.141, the Commission has adopted 3 AAC 60.360(b), which provides: "Briefs may be filed in any proceeding by any party within 20 days after mailing of the proposed decision by the hearing officer. Any party desiring to respond to a brief will do so within 10 days of mailing of brief . . . ." We believe this regulation mandates the issuance of a proposed decision. Once the proposed decision has been prepared, the regulation clearly requires that it be issued to the parties who are to have an opportunity to respond. We therefore affirm that part of the superior court's order concerning the issuance of proposed decision.[5]

AFFIRMED in part, REVERSED in part.[6]

5. As we noted in *Mukluk Freight Lines, Inc.*: "A consistent application of these [administrative] regulations would preclude ad hoc considerations and create standards that could be judicially reviewed in accordance with the due process guarantees anticipated in AS 42.07.-141(b). Furthermore, the promulgation of rules establishing administrative standards affords protection against arbitrary exercise of

discretionary power." 516 P.2d at 415. Since issuance of a proposed decision is required by the Commission's own regulations, we need not address the issue whether such notice is also required as a matter of procedural due process.

6. Since Hardy has withdrawn his application for air taxi authority, we need not remand the case for further proceedings.